IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CORTNEY AKRIDGE, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-588 |
| | ) | |
| RYAN FINNEGAN, RYAN POTTS, | ) | Chief Judge Haynes |
| and JARED PICCHIOTTINO, | ) | |
| | ) | |
| *Defendants.* | ) | JURY DEMAND |

## [~~PROPOSED~~] COPY / INITIAL CASE MANAGEMENT ORDER

Pursuant to L.R. 16.01(d), the following Initial Case Management Order is **adopted**.

### I.  Case Status

The parties conducted a Rule 26(f) conference on July 15, 2013. The parties discussed the prospects for settlement, but were unable reach an agreement.

Pursuant to this Court's Order dated July 5, 2013 (Docket Entry No. 8), the defendants were given until August 8, 2013 to file their answers, pleadings, or other responsive documents. On July 25, 2013 each of the defendants filed a motion to dismiss (Docket Entry No.'s 10, 12 and 14). The deadline for the plaintiff to respond to the pending motions to dismiss has been extended to August 26, 2013 (Docket Entry No. 21). On July 25, 2013 the defendants also filed a motion to stay discovery (Docket Entry No. 16). On August 5, 2013, defendants also filed a Motion to Continue the Case Management Conference. Plaintiffs do not believe that the Case Management Conference needs to be continued. Plaintiff's position is that a Case Management

1

Case 3:13-cv-00588   Document 22   Filed 08/06/13   Page 1 of 8 PageID #: 93
Case 3:13-cv-00588   Document 28   Filed 08/13/13   Page 1 of 8 PageID #: 113

Conference is necessary to meet and confer about potential discovery deadlines, positions, etc. Given that defendants have simultaneously raised issues as to the pleading of the specific identity of each particular defendant and Qualified Immunity for each individual defendant, plaintiff may request expedited discovery to determine the identities of each officer defendant and what each of their roles were in the unlawful detention and search of the plaintiff.

## II. Jurisdiction and Venue

Jurisdiction and venue are not in dispute. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## III. Parties' Theories of the Case

### 1. Plaintiff's Theory of the Case

In the early evening of July 24, 2012, dressed for work in his security guard uniform, Plaintiff Cortney Akridge, a recent high school graduate, drove through his hometown Nashville looking for a modestly priced apartment to rent. Defendant Finnegan, and eventually, other officers with the Metropolitan Nashville Police Department West Precinct's "Flex" unit stopped and detained Plaintiff as he was leaving an apartment complex.

Apparently based on the unreasonable and ultimately incorrect hunch that Plaintiff possessed drugs or weapons, Defendants subjected Mr. Akridge to at least two invasive roadside pat-downs, which involved Defendants' forcible manipulation of his testicles and, during the second search, digital penetration of Plaintiff's anus while he stood on the side of a quiet neighborhood street in full view of onlookers.

2

Case 3:13-cv-00588   Document 22   Filed 08/06/13   Page 2 of 8 PageID #: 94
Case 3:13-cv-00588   Document 28   Filed 08/13/13   Page 2 of 8 PageID #: 114

Mr. Akridge exercised his clearly established constitutional right to refuse Defendants consent to search his vehicle. In spite of clearly established law requiring separate reasonable suspicion for extending traffic stops, the Defendants continued to detain Plaintiff and his three passengers while awaiting a K-9 unit.

The dog did not "hit" or "alert" to the presence of contraband on Plaintiff or in his car. Defendants detained Mr. Akridge and his passengers for at least twenty minutes after Defendant Finnegan signed the traffic ticket he wrote Plaintiff. No reasonable suspicion ever materialized for this investigatory detention. At the conclusion of the ordeal, one of the defendant officers told Mr. Akridge words to the effect of: "This all wouldn't have happened if you woulda let us search the car."

Plaintiff alleges Defendants violated his Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures, and his First, Fourth, and Fourteenth Amendment rights to be free from retaliation for denying consent to search his car.

### 2. Defendants' Theory of the Case

First, the defendants state that they have filed motions to dismiss on the grounds of failure to state a claim and qualified immunity. Contemporaneously the defendants filed a motion to stay discovery to allow the Court to address the threshold immunity question.

Second, the defendants must state that Officer Ryan Finnegan issued a citation to the plaintiff on July 24, 2012 for not one but three traffic offenses that included: 1) running a stop sign; 2) not having a driver's license on his person; and 3) a window tint violation. The plaintiff has not challenged the validity of the citation or the stop. The plaintiff's vehicle was observed by Officer Finnegan leaving Village West Apartments, a complex that is located in an area with incidents of illegal gang and drug activities. Officer Finnegan observed the plaintiff's vehicle roll

3

through two separate stop signs, although the only stop sign violation that he cited the plaintiff for was committed at 48th and Indiana Avenue. None of the four occupants in the vehicle possessed any identification; not the plaintiff or any of his three passengers. As a result, officers had to conduct research at the scene to try and identify the car's occupants. Only three of the four occupants were able to be identified. Meanwhile, a canine unit was lawfully summoned. The plaintiff was not detained for unlawful purposes and was detained for a reasonable amount of time under the circumstances. None of the defendants performed an overly invasive search of the plaintiff. The defendant officers did not violate any constitutional or federal right of the plaintiff. Their actions were objectively reasonable under the circumstances of this case. And even if any of the defendant officers did violate the plaintiff's constitutional rights, the law on July 24, 2012, was not so clearly established that they would have known that their actions were unlawful. Therefore, they are entitled to qualified immunity.

### IV. Schedule of Pretrial Proceedings

#### A. Rule 26(a)(1) Disclosures

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures by **August 23, 2013**.

#### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have an in-person meeting to discuss whether this case can be resolved without further discovery proceedings. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and made a good-faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

4

Case 3:13-cv-00588   Document 22   Filed 08/06/13   Page 4 of 8 PageID #: 96
Case 3:13-cv-00588   Document 28   Filed 08/13/13   Page 4 of 8 PageID #: 116

C. **Other Pretrial Discovery Matters**

As determined at the case management conference on **Friday, August 9, 2013**, this action is set for a jury trial on *Tuesday, September 16, 2014 at 9:00 A.M.*

If this action is to be settled, the Law Clerk shall be notified by noon, *Friday, Sept. 12, 2014*. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent on the circumstances.

A pretrial conference shall be held *Friday, Aug. 29, 2014 at 2:00 p.m.*. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **Friday, March 7, 2014**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **March 7, 2014**. All discovery-related statements shall be filed by the close of business on **March 28, 2014**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions and *Daubert* motions shall be filed by the close of business on **Wednesday, May 7, 2014**, and any response thereto shall be filed by the close of business on **Friday, June 6, 2014**. Any reply shall be filed by the close of business on **Monday, June 16, 2014**.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the

5

time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admission is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, the Local Rules shall govern.

By the close of business on **January 31, 2014**, the plaintiff shall declare to the defendants (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **February 3, 2014**, the defendants shall declare to the plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **March 3, 2014**. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admission upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the

6

Case 3:13-cv-00588   Document 22   Filed 08/06/13   Page 6 of 8 PageID #: 98
Case 3:13-cv-00588   Document 28   Filed 08/13/13   Page 6 of 8 PageID #: 118

opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any *Daubert* challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

It is so **ORDERED**.

**ENTERED** this the 13th day of August, 2013.

WILLIAM J. HAYNES, JR.
Chief United States District Judge

Approved for entry:
s/ Tricia Herzfeld
R. Andrew Free, BPR # 30513
Elliott Ozment, BPR # 4331
Tricia R. Herzfeld, BPR # 26014
OZMENT LAW
1214 Murfreesboro Pike
Nashville, TN 37217
(615) 321-8888
tricia@ozmentlaw.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing has been served on the following individuals on this date via this Court's CM/ECF system:

Keli J. Oliver
Metropolitan Legal Department
P O Box 196300
Nashville, TN 37219

Derrick C. Smith
Metropolitan Legal Department
P O Box 196300

7

Case 3:13-cv-00588   Document 22   Filed 08/06/13   Page 7 of 8 PageID #: 99
Case 3:13-cv-00588   Document 28   Filed 08/13/13   Page 7 of 8 PageID #: 119

Nashville, TN 37219

R. Alex Dickerson
Metropolitan Legal Department
P O Box 196300
Nashville, TN 37219

Date: August 6, 2013                /s Tricia R. Herzfeld
                                    Tricia Herzfeld, BPR #026014

8

Case 3:13-cv-00588   Document 22   Filed 08/06/13   Page 8 of 8 PageID #: 100
Case 3:13-cv-00588   Document 28   Filed 08/13/13   Page 8 of 8 PageID #: 120