# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CORTNEY AKRIDGE, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) No. 3:13-cv-588 |
| | ) |
| RYAN FINNEGAN, RYAN POTTS, | ) Chief Judge Haynes |
| and JARED PICCHIOTTINO, | ) |
| | ) JURY DEMAND |
| *Defendants.* | ) |

## JOINT ~~PROPOSED~~ MODIFIED CASE MANAGEMENT ORDER

Pursuant to L.R. 16.01(b), the following Modified Case Management Order is **adopted.**

**I. Case Status**

The case is before the Court pursuant to the Sixth Circuit's Order that granted the parties' Joint Motion for Agreed Remand after the Court granted the Joint Motion for Indicative Ruling. Pursuant to the parties' stipulation the Court has dismissed with prejudice the defendants Officers Picchiottino and Potts. Based on the foregoing events, the following modified deadlines to govern the progression of this case are both warranted and necessary.

**II. Jurisdiction and Venue**

Jurisdiction and venue are not in dispute. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the alleged events giving rise to the plaintiff's claims occurred in this district.

### III. Parties' Theories of the Case

#### A. Plaintiff's Theory of the Case

In the early evening of July 24, 2012, dressed for work in his security guard uniform, Plaintiff Cortney Akridge, a recent high school graduate, drove through his hometown Nashville looking for a modestly priced apartment to rent. Defendant Finnegan, and eventually, other officers with the Metropolitan Nashville Police Department West Precinct's "Flex" unit stopped and detained Plaintiff as he was leaving an apartment complex.

Apparently based on the unreasonable and ultimately incorrect hunch that Plaintiff possessed drugs or weapons, Defendants subjected Mr. Akridge to at least two invasive roadside pat-downs, which involved Defendants' forcible manipulation of his testicles and, during the second search, digital penetration of Plaintiff's anus while he stood on the side of a quiet neighborhood street in full view of onlookers.

Mr. Akridge exercised his clearly established constitutional right to refuse Defendants consent to search his vehicle. In spite of clearly established law requiring separate reasonable suspicion for extending traffic stops, the Defendants continued to detain Plaintiff and his three passengers while awaiting a K-9 unit.

The dog did not "hit" or "alert" to the presence of contraband on Plaintiff or in his car. Defendants detained Mr. Akridge and his passengers for at least twenty minutes after Defendant Finnegan signed the traffic ticket he wrote Plaintiff. No reasonable suspicion ever materialized for this investigatory detention. At the conclusion of the ordeal, one of the defendant officers told Mr. Akridge words to the effect of: "This all wouldn't have happened if you woulda let us search the car."

Plaintiff alleges Defendants violated his Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures, and his First, Fourth, and Fourteenth Amendment rights to be free from retaliation for denying consent to search his car.

### B. Defendant's Theory of the Case

The defendant Officer Ryan Finnegan issued a citation to the plaintiff on July 24, 2012 for not one but three traffic offenses that included: 1) running a stop sign; 2) not having a driver's license on his person; and 3) a window tint violation. The plaintiff has not challenged the validity of the citation or the stop. The plaintiff's vehicle was observed by Officer Finnegan leaving Village West Apartments, a complex that is located in an area with incidents of illegal gang and drug activities. Officer Finnegan observed the plaintiff's vehicle roll through two separate stop signs, although the only stop sign violation that he cited the plaintiff for was committed at 48th and Indiana Avenue. None of the four occupants in the vehicle possessed any identification; not the plaintiff or any of his three passengers. As a result, officers had to conduct research at the scene to try and identify the car's occupants. Only three of the four occupants were able to be identified. Meanwhile, a canine unit was lawfully summoned. The plaintiff was not detained for unlawful purposes and was detained for a reasonable amount of time under the circumstances. Officer Finnegan never performed an improper or illegal search of the plaintiff. Officer Finnegan did not violate any constitutional or federal right of the plaintiff. His actions were objectively reasonable under the circumstances of this case. In the alternative, even if the plaintiff's constitutional rights were violated, the law on July 24, 2012, was not so clearly established that Officer Finnegan would have known that his actions were unlawful. Therefore, he is entitled to qualified immunity

## IV. Schedule of Pretrial Proceedings

### A. Rule 26(a)(1) Disclosures

The parties have made their Rule 26(a)(1)(A) through (E) initial disclosures.

### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

The parties reached an agreement to stipulate to the dismissal with prejudice of two defendants, Officers Picchiottino and Potts. A subsequent meeting of counsel and parties to discuss settlement prospects will be scheduled, if necessary, after a ruling is received on any dispositive motion.

### C. Other Pretrial Discovery Matters

Due to the intervening appeal to the Sixth Circuit, the jury trial that was scheduled to begin on **September 16, 2014**, is rescheduled for a jury trial to begin on _January 27_, 2015 at 9:00 A.M. If this action is to be settled, the Law Clerk shall be notified by noon, _January 9, 2015_. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held on _January 12, 2015 @ 3:00 p.m._ A proposed pretrial order and other pre-trial submissions shall be filed prior to the pretrial conference in compliance with the deadlines to be established in a supplemental case management order to be entered by the Court.

All written discovery (with the exception of requests for admission and expert written discovery) shall be completed by the close of business on **Tuesday, January 28, 2014**. Such written discovery shall be submitted in sufficient time so that the response shall be in hand by **Friday, February 28, 2014**. All party and fact witness depositions shall be completed on or

4

before **Wednesday, April 30, 2014**. All discovery-related statements shall be filed by the close of business on **Monday, May 12, 2014**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

Any motion to amend the pleadings or join parties shall be filed on or before **Thursday, December 19, 2013** in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court (effective June 1, 2006) shall govern.

By the close of business on **Monday, May 26, 2014**, the plaintiff shall declare to the defendants (<u>not</u> to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B). By the close of business on **Friday, June 27, 2014**, the defendant shall declare to the plaintiff (<u>not</u> to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B). Any supplements to expert reports shall be filed by the close of business on **Friday, July 18, 2014**. There shall not be any rebuttal expert witnesses.

There shall not be any discovery depositions taken of expert witnesses, absent leave of court. A party may, however, serve contention interrogatories and requests for admission upon another party's expert by **Thursday, August 14, 2014.** Former Local Rule 12(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

All dispositive motions[1] shall be filed by the close of business on **Monday, September 22, 2014**, and any response thereto shall be filed by the close of business on **Wednesday, October 22, 2014**. Any reply shall be filed by the close of business on **Wednesday, November 5, 2014**.[2]

It is so **ORDERED.**

ENTERED this the ___ day of November, 2013.

WILLIAM J. HAYNES, JR.
Chief United States District Judge

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages.

[2] Unless modified herein, strict compliance is required to Rule 56.01, Local Rules of Court (effective June 1, 2006) relating to motions for summary judgment.